UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JASON PHILLIPS,                                  :
              Petitioner,        :   **MEMORANDUM OPINION**
                                    :   **AND ORDER**
v.                                                       :
                                    :   16 CV 4996 (VB)
SUPERINTENDENT DONALD UHLER,     :
              Respondent.             :
--------------------------------------------------------------x

Briccetti, J.:

      Pending before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated February 5, 2018 (Doc. #28), on Jason Phillips's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      After a jury trial, petitioner was convicted in Supreme Court, Westchester County, of two counts of attempted robbery in the second degree, in violation of Penal Law § 160.10(2)(b) and Penal Law § 160.10(1), respectively, and one count of menacing in the second degree, in violation of Penal Law § 120.14(1).[1]  He was sentenced on May 24, 2011, to six years imprisonment on each of the attempted robbery counts and one year imprisonment on the menacing count, to run concurrently.  The Appellate Division, Second Department, affirmed the conviction.  People v. Phillips, 123 A.D.3d 1146 (2d Dep't 2014).  The Court of Appeals denied leave to appeal.  People v. Phillips, 25 N.Y.3d 952 (2015).

      Petitioner contends his conviction and sentence were unlawful because (i) the prosecution failed to prove attempted robbery, i.e., the verdict was not supported by legally sufficient evidence; and (ii) the prosecution failed to prove that the victim identified petitioner beyond a reasonable doubt.

---

[1]     Petitioner was acquitted at trial of charges relating to the alleged robbery of a second victim.

1

Judge Smith recommended denying the petition.  Specifically, Judge Smith found objectively reasonable the Appellate Division's determination that the evidence was legally sufficient to establish petitioner's guilt; to wit, that petitioner's "intent to rob the victim could be inferred from his conduct and the surrounding circumstances."  People v. Phillips, 123 A.D.3d at 1146.  Moreover, Judge Smith found that petitioner had failed to establish cause or prejudice to overcome the Appellate Division's determination that his challenge to the legal sufficiency of the identification evidence was unpreserved for appellate review.

The Court agrees with Judge Smith's recommendation.  Accordingly, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

**DISCUSSION**

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the report and recommendation, but the objections must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v.

United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391–93 (2d Cir. 2008).

II. Objection

Petitioner timely objected to the R&R. (Doc. #29). Specifically, petitioner asserts that the evidence of attempted robbery was legally insufficient. This objection largely restates petitioner's original arguments. Accordingly, the appropriate standard of review for the R&R is clear error.

In challenging Judge Smith's finding that the Appellate Division's determination regarding the sufficiency of the evidence was objectively reasonable, petitioner reiterates his argument that the crime was nothing more than a menacing offense. Petitioner argues, as he did in his initial petition, that, after paying for his $10 taxi fare with a $100 bill, he was given

incorrect change, whereupon he attempted to retrieve what was rightly due to him. In rejecting this claim, Judge Smith carefully reviewed the evidence presented at trial, including evidence that after petitioner and his accomplice told the taxi driver to pull over in a dark deserted location, the accomplice placed what appeared to be a real submachine gun to the right side of the driver's head while the driver was making change. In that light, Judge Smith's finding that the Appellate Division's determination was objectively reasonable was certainly not clearly erroneous. Indeed, upon review of the record, the Court finds no error, clear or otherwise, in Judge Smith's thorough and well-reasoned R&R.

Petitioner did not object to Judge Smith's finding that he failed to establish cause or prejudice to overcome the Appellate Division's determination that his challenge to the legal sufficiency of the identification evidence was unpreserved for appellate review. Upon review of the record, the Court likewise finds no error, clear or otherwise, in Judge Smith's thorough and well-reasoned R&R.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d. Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: April 11, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge